Filed 8/24/16  P. v. Rodriguez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT RODRIGUEZ,<br><br>        Defendant and Appellant. | B271246<br><br>(Los Angeles County<br>Super. Ct. No. KA022515) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Salvatore T. Sirna, Judge.  Affirmed.

Robert Rodriguez, in propria persona, and Stephen Borgo, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1995 a jury convicted defendant Robert Rodriguez of one count of first degree burglary and found he had two prior first degree burglary convictions alleged pursuant to the "Three Strikes" law and Penal Code section 667, subdivision (a)(1).[1]  Defendant was sentenced to a third strike term of 25 years to life, plus 10 years for the section 667, subdivision (a)(1) enhancements.

On February 2, 2016, defendant filed a petition to have the *prior* burglary convictions that subjected him to a third strike sentence reclassified as misdemeanors pursuant to Penal Code section 1170.18, subdivision (a), part of Proposition 47.  He also sought resentencing, apparently on the theory that after reduction to misdemeanors, he would no longer be subject to the Three Strikes law.  His petition erroneously stated that the jury found the prior burglaries were second degree burglary and that he was sentenced to 25 years to life in prison.  He made no factual showing regarding the purported second degree burglaries.  The trial court denied defendant's petition on the ground that Proposition 47 did not apply to defendant's *commitment* offense of first degree burglary.

Defendant filed a timely appeal.  We appointed counsel to represent defendant on appeal.  After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record.

Defendant, acting in propria persona, filed a supplemental brief alleging charging errors and errors at trial.  These should have been raised in his appeal from the judgment, and indeed were related to the errors actually raised (and rejected) in that appeal, namely insufficiency of the evidence to support findings that his prior convictions constituted first degree burglaries and the failure of the instructions and verdict forms to specify "first degree burglary" as opposed to merely "burglary."  With respect to the latter category, defendant asserts error under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348], which essentially requires any fact, *other than a prior conviction*, that increases the penalty for a crime beyond the prescribed statutory maximum to be charged,

---

[1] Undesignated statutory references are to the Penal Code.

submitted to a jury, and proved beyond a reasonable doubt.  (*Id.* at p. 490.)  Defendant's claims have no merit and are not properly raised in this appeal.

Proposition 47 does not apply to first degree burglary.  Although the trial court misinterpreted defendant's petition, the result is the same.  Neither defendant's *prior* first degree burglaries nor the first degree burglary constituting his *commitment* offense is eligible for reduction to a misdemeanor.  Accordingly, defendant is not entitled to relief.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED

LUI, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

3